UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KIMBERLY D. CROSSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:25-cv-00247-LEW |
| | ) | |
| MAINE ATTORNEY GENERAL, et al., | ) | |
| | ) | |
| Defendants | ) | |

### RECOMMENDED DECISION AFTER REVIEW OF PLAINTIFF'S COMPLAINT

Plaintiff filed a complaint and an application to proceed without prepayment of fees. (Complaint, ECF No. 1; Addendum, ECF No. 3; Application, ECF No. 2.)[1]  Because Plaintiff was granted leave to proceed without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate.  28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

### FACTUAL ALLEGATIONS[2]

In her complaint, Plaintiff recounts several encounters she had with various members of state, county, and local government, including some law enforcement officers. She alleges that she is a victim of abuse but did not receive the assistance she requested,

---

[1] Plaintiff originally filed the complaint in the District of New Hampshire, but due to lack of venue, the case was transferred to the District of Maine.  (Order, ECF No. 4.)

[2] For purposes of this review, the facts are derived from Plaintiff's complaint and supporting attachments. The alleged facts are viewed most favorably to Plaintiff.

that the house in which she resided was declared uninhabitable, that she requested information from local government to resolve a property-related dispute but did not receive the information, that she reported harassment and damage to property to law enforcement but no meaningful action was taken, and that she was denied general assistance benefits without explanation. Plaintiff alleges that Defendants violated her constitutional rights, her civil rights, and her right to privacy.[3]

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding without prepayment of fees, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

"A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551

---

[3] Plaintiff named as defendants the Governor and Attorney General of Maine, the Maine State Police and the involved state troopers, the Penobscot County Sheriff's Department and the involved officers, the Town of Garland and its administrators, a Strafford County (New Hampshire) sheriff's deputy, and other individuals and entities, including an attorney and a law firm.

U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

The Court's jurisdiction over any possible federal claim based on a constitutional deprivation would be governed by 42 U.S.C. § 1983, which Plaintiff cites, provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

As the plain language of § 1983 reflects, a claim for the deprivation of a constitutional right must be based on the conduct of a state actor. *Estades-Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1, 4 (1st Cir. 2005). Plaintiff has not alleged any facts that would support a finding that the private citizens named in the complaint can be considered state actors. Plaintiff's attempt to assert a federal constitutional claim against private individuals, therefore, would fail.

State agencies are not considered persons under § 1983, *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 64 (1989), and under the doctrine of sovereign immunity exemplified by the Eleventh Amendment, states and state agencies may not be sued by citizens in federal court, regardless of the form of relief requested, *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n.6 (1st Cir. 2009). Because the Maine State Police is an agency of the state of Maine, the claims against the agency must be dismissed.

Plaintiff also did not describe in her narrative complaint any conduct for some of the individuals named as Defendants, including the Governor and the Attorney General of

3

the state of Maine. Plaintiff evidently seeks to impose liability on those officials based on the conduct of other officials for whom they are ultimately responsible. However, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Because Plaintiff has not described any actions of the Governor or Attorney General for the state of Maine, Plaintiff has not alleged an actionable claim against them.

Finally, as to the individuals and entities whose conduct and official acts or policies (respectively) Plaintiff described in her filings, Plaintiff has failed to allege a valid federal claim. For example, the essence of Plaintiff's claims against many of the law enforcement defendants is that they failed to prevent or investigate adequately the wrongful acts of other private citizens. The claims are not actionable because, absent special circumstances not present here, there is "no constitutional right to a police investigation, adequate or otherwise." *Thibeault v. Brown*, No. 12-10333-PBS, 2012 WL 1865834, at *4 (D. Mass. May 21, 2012); *see also, Graham v. Indep. Sch. Dist. No. I-89*, 22 F.3d 991, 995 (10th Cir. 1994). In addition, even if Plaintiff's allegations regarding the condemnation of her home and the denial of general assistance could be construed as an attempt to assert procedural due process claims, the claims would fail because the nonconclusory allegations do not establish a violation of law. Furthermore, to the extent Plaintiff alleges that the decisions were erroneous, her filings do not establish a federal procedural due process violation because Plaintiff does not allege there was an absence of available remedies to challenge the state or local decision in state court. *See Lambert v. Fiorentini*, 949 F.3d 22, 28 (1st

Cir. 2020); *S. Commons Condo. Ass'n v. Charlie Arment Trucking, Inc.*, 775 F.3d 82, 89 (1st Cir. 2014).

In sum, Plaintiff's complaint consists of conclusory allegations and the recitation of facts that do not support an actionable claim.[4] Accordingly, dismissal is warranted.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiff's complaint. The Court has dismissed multiple claims asserted by Plaintiff based on Plaintiff's lack of prosecution. *Crosson v. Jeffrey Keaten*, No. 1:21-cv-00049-LEW; *Crosson v. Waterville Police Department, et al.*, No. 1:22-cv-00159-LEW; *Crosson v. Owner of Property Tim*, No. 2:22-cv-00160-LEW; *Crosson v. Rolfe*, No. 1:22-cv-00161-LEW; *Crosson v. Town of Anson*, et al., No. 1:22-cv-00162-LEW; *Crosson v. Town of Augusta, et al.*, No. 1:22-cv-00163-LEW; *Crosson v. Days Inn, et al.*, No. 1:22-cv-00164-LEW; *Crosson v. Bickford*, No. 2:22-cv-00165-LEW; *Crosson v. Hatin*, No. 2:22-cv-00166-LEW; *Crosson v. Keaton*, No. 1:22-cv-00167-LEW; *Crosson v. Keaton*, No. 1:22-cv-00167-LEW; *Crosson v. Obert*, No. 1:22-cv-00168-LEW; *Crosson v. Frey, et al.*, No. 1:22-cv-00169-LEW; *Crosson v. Rodrigue,* No. 1:22-cv-00170-LEW; *Crosson v. City of Auburn, et al.*, No. 2:22-cv-00171-LEW;

---

[4] While the extent of Plaintiff's intended claim is difficult to discern, to the extent Plaintiff attempts to assert a claim against an employee or employees of the New Hampshire judicial branch based on dissatisfaction with the legal proceedings in that state court, Plaintiff's claims against would be barred because the court personnel would be protected by absolute judicial immunity. *See generally*, *Butz v. Economou*, 438 U.S. 478, 512 (1978).

*Crosson v. Somerset County Sheriff's Dept., et al.*, No. 1:22-cv-00172-LEW: *Crosson v. Maine State Police, et al.*, No. 1:22-cv-00173-LEW.

Given Plaintiff's filing history, I also recommend the Court issue an order placing Plaintiff on notice that filing restrictions "may be in the offing" in accordance with *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 9th day of June, 2025.